IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARA PARKER, on behalf of P.H.P., a minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-13-825-L ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

**O R D E R**

On September 4, 2014, 2013, Magistrate Judge Gary M. Purcell entered a Report and Recommendation in this action brought by Tara Parker on behalf of P.H.P., a minor child, pursuant to 42 U.S.C. §405(g) seeking judicial review of the defendant Commissioner of the Social Security Administration's (Commissioner's) final decision denying plaintiff's application on behalf of her minor child for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1382. The Magistrate Judge recommended that the Commissioner's decision be affirmed.

The court file reflects that plaintiff timely filed her Objections to the Magistrate Judge's Report and Recommendation, which the court has carefully considered. Upon review, the court finds that plaintiff's objections are

insufficient to justify overturning the conclusions of the Magistrate Judge in this matter.

Plaintiff asserts the following two points of error: (1) The Administrative Law Judge (ALJ) erred, as a matter of law, by failing to properly explain his finding that P.H.P.'s impairments did not satisfy the criteria of a listed impairment; and (2) The ALJ's findings that P.H.P. had "less than marked" limitations in attending and completing tasks, and in interacting and relating with others, were legally insufficient and not supported by substantial evidence. Specifically, plaintiff argues that the Magistrate Judge erred in concluding that the ALJ's failure to properly evaluate whether or not P.H.P. satisfied the criteria of Listing 112.11 was harmless. Additionally, plaintiff argues that the Magistrate Judge erred in concluding that the ALJ adequately explained why P.H.P. only had "less than marked" limitations in the domains of attending and completing tasks and interacting and relating with others.

The court finds that the Magistrate Judge properly found that the plaintiff failed to satisfy her burden that her child's impairments meet all of the specified medical criteria. Therefore, the Magistrate Judge did not err in concluding that the ALJ's error in analyzing the evidence with respect to the criteria of the listing for ADHD was harmless. The court also finds that the Magistrate Judge properly found that the ALJ's determination that P.H.P. had less than marked

2

functional limitations in attending and completing tasks and in interacting and relating with others was supported by substantial evidence in the record.

Thus, upon *de novo* review, the court finds that the the Report and Recommendation should be and is hereby adopted in its entirety. Accordingly, the decision of the Commissioner to deny plaintiff's application for benefits is **AFFIRMED.**

It is so ordered this 17th day of December, 2014.

／s／ Tim Leonard
TIM LEONARD
United States District Judge